IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY NELSON GRIMES,

                    Plaintiff,

    v.                                               OPINION and ORDER

DANE COUNTY JAIL, CURRENT SHERIFF AND          21-cv-685-jdp
ALL STAFF, and DANE COUNTY SHERIFF'S
DEPARTMENT,

                    Defendants.

---

    Pro se plaintiff Jeffrey Nelson Grimes alleges that staff at Dane County jail failed to take reasonable measures to protect him from contracting Covid-19. Because Grimes was incarcerated when he filed this lawsuit, the court must screen his complaint under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

    As explained below, Grimes's allegations are not sufficient to state a constitutional claim against jail staff or any other named defendant. Accordingly, I will dismiss this case.

## ANALYSIS

    Grimes alleges that in November 2020, while he was incarcerated at Dane County jail, he was quarantined in a pod that had been potentially exposed to Covid-19. During the quarantine period, inmate workers who were not in Grimes's pod improperly interacted with Grimes's pod while they were in the gym waiting for their pod to be disinfected. Those inmate workers were later required to quarantine, but jail staff lifted the quarantine after seven days. A deputy told Grimes that the quarantine was lifted because jail staff needed help from inmate

workers. Grimes later learned that several inmate workers hid their symptoms of Covid-19 because they did not want to lose their jobs. Grimes was not tested for Covid-19 in November 2020, but he later tested positive for the virus in January 2021. He has experienced a loss of taste and smell since then.

Grimes contends that Dane County jail staff violated his due process rights under the Fourteenth Amendment by failing to take reasonable measures to protect him from Covid-19. *See Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011) (Fourteenth Amendment applies to constitutional claims about jail conditions brought by pretrial detainees). To state a claim under the Fourteenth Amendment, Grimes must allege facts suggesting that the actions by jail staff were "objectively unreasonable" under the totality of the circumstances. *See Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020); *Miranda v. County of Lake*, 900 F.3d 335, 350–53 (7th Cir. 2018). In addition, Grimes's allegations must suggest that jail staff acted with purposeful, knowing, or reckless disregard of the consequences of their actions. *Miranda*, 900 F.3d at 353. It is not enough to allege that a defendant acted with negligence or gross negligence. *Id.*

Grimes's allegations are not sufficient to state a Fourteenth Amendment claim against Dane County jail staff because he has not alleged any specific actions by staff that were objectively unreasonable or that were taken with reckless disregard of the consequences of their actions. Grimes alleges that jail staff quarantined inmates into pods and disinfected potentially contaminated areas to protect inmates from exposure to Covid-19. These allegations do not suggest that jail staff responded unreasonably to the risk of Covid-19 within the jail. They suggest instead that jail staff took steps to mitigate the risks that Covid-19 presented to inmates and staff.

Grimes argues that his quarantine should have lasted longer than seven days, but he does not allege that ending the quarantine after seven days caused him to contract Covid-19 or suffer any other injury. Nor does he allege that inmates known to have contracted Covid-19 were permitted to end their quarantines early. He alleges only that staff ended the quarantine of Grimes's pod and the inmate worker pod because inmate workers were needed to assist with jail operations. These allegations do not suggest that the decision to end the quarantine after seven days was objectively unreasonable.

Grimes also argues that jail staff should have enforced quarantines more strictly, and that staff should have prevented inmate workers from interacting with Grimes's pod. Again, however, Grimes does not explain how jail staff acted unreasonably. According to Grimes, his pod had been exposed to Covid-19, so it is not clear why he thinks *his* risk increased when inmates who were not quarantined interacted with him. In any event, Grimes does not allege that staff knowingly permitted inmates with Covid-19 to interact with those who had not been exposed. Instead, he says that some inmates hid their symptoms and violated quarantine rules on their own.

Finally, although Grimes alleges that he likely was exposed to Covid-19 in November 2020, he does not say that he experienced symptoms of the virus at that time, that jail staff disregarded his symptoms, or that he thinks he contracted Covid-19 as a result of any particular unreasonable decision by jail staff. So, although I am sympathetic to Grimes's complaints about contracting Covid-19 and about his ongoing loss of taste and smell, his allegations do not suggest that his jail staff violated his constitutional rights. Accordingly, his complaint will be dismissed for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Jeffrey Grimes's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

2. The clerk of court shall record a strike under 28 U.S.C. § 1915(g).

Entered January 13, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge